```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

|                          |   |                            |
|--------------------------|---|----------------------------|
| BRENT W. AMOS            | : |                            |
|                          | : |                            |
| v.                       | : | Civil Action No. DKC 24-42 |
|                          | : |                            |
| TROY EDWARD MEINK, Secretary of the Air Force | : |    |

**MEMORANDUM OPINION**

Plaintiff Brent W. Amos ("Plaintiff") filed a motion titled "Post Trial Motion 56(e) Request to Amend the Judgment to Facilitate Tolling for the Duration Period of Remand to the Military Corrections Board and Beyond" on September 22, 2025. (ECF No. 37). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's motion will be denied.

## I. Background

The facts of this case are laid out in full in the court's opinion dated September 17, 2025. (ECF No. 35, at 5-6). In short, Plaintiff (an Air Force veteran) filed suit to challenge the decision of the Air Force Board for the Correction of Military Records ("AFBCMR"), which had declined to update his military records to reflect that he was medically retired based on a disability. (*Id.* at 6). Plaintiff alleged that the AFBCMR had

failed to consider multiple pieces of evidence in making their decision. (*Id.* at 10). As relevant to this motion, the court granted summary judgment to Plaintiff on his Administrative Procedure Act ("APA") claim, finding that the AFBCMR's decision was arbitrary and capricious. (*Id.*). The court vacated the decision and remanded to the AFBCMR for reconsideration of their decision on September 17, 2025. (ECF No. 36, at 2). A few days later, on September 22, 2025, Plaintiff filed the current motion. (ECF No. 37). Defendant did not respond to the motion.[1] Defendant later filed an appeal on November 13, 2025. (ECF No. 38). On November 14, 2025, the United States Court of Appeals for the Fourth Circuit sent correspondence to this court regarding the pending motion. (ECF No. 40).

## II. Analysis

The correspondence from the Fourth Circuit characterized the Plaintiff's motion as "a motion to extend the appeal period . . . pending in the district court under Fed.R.App.P. 4(a)(5)." (ECF No. 40).[2] From this court's reading, the motion is actually a

---

[1] The government suffered a lapse in appropriations beginning October 1, 2025, and many government attorneys handling civil cases were furloughed. No stay of any deadline was requested in this case as a result of the appropriations lapse, however.

[2] Because one of the parties is a United States officer sued in an official capacity, the parties could file an appeal "within 60 days after entry of the judgment or order appealed from." Fed.R.App.P. 4(a)(1)(B)(iii). When one party timely files an

request that the court alter its judgment explicitly to retain jurisdiction following the remand.

Plaintiff is proceeding *pro se*, so the court construes his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In his motion, Plaintiff makes the following request:

> Plaintiff respectfully submits; that the clear and factual record of the Defendants past adverse actions exist as a non-speculative basis for requesting tolling for the remand period until a decision has been fully made by the Board, or any subsequent appellate authority.

(ECF No. 37, at 1). Plaintiff characterizes this as a request for "tolling," seemingly seeking to invoke the "court's discretionary extension of a legal deadline." *Equitable Tolling*, Black's Law Dictionary (12th ed. 2024). The court previously remanded the decision to the agency and closed the case, (ECF No. 36, at 2), and Plaintiff points to no deadline that needs to be extended. Rather, he appears to be requesting that the court retain jurisdiction until the AFBCMR has made another decision or an appeals court has provided a decision in this case. The court declines to do so.

"When a challenge to an agency proceeding is on remand, the Court has discretion to retain jurisdiction over the case or to

---

appeal, the other party has "14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later." Fed.R.App.P. 4(a)(3).

dismiss the action without prejudice." *Ctr. for Biological Diversity v. U.S. Army Corps of Eng'rs*, No. 20-cv-103-RDM, 2021 WL 14929, at *2 (D.D.C. 2021) (citing *Cobell v. Norton*, 240 F.3d 1081, 1108–09 (D.C. Cir. 2001)).

> [C]ourts most often retain jurisdiction over proceedings while on remand in "cases alleging unreasonable delay of agency action or failure to comply with a statutory deadline," in "cases involving a history of agency noncompliance with court orders or resistance to fulfillment of legal duties," *Baystate[ Med. Ctr. V. Leavitt]*, 587 F. Supp. 2d [37,] 41[ (D.D.C.), *judgment entered*, 587 F.Supp.2d 44 (D.D.C. 2008)], and in cases in which the court has issued specific instructions to guide the agency on remand, *Matson Navigation Co. v. U.S. Dep't of Transp.*, No. 18-cv-2751, 2020 WL 4816460, at *2 (D.D.C. Aug. 19, 2020).

*Id.* The court has not seen any evidence of unreasonable delay, a missed deadline, or a history of agency noncompliance. While the court did note in its opinion that the AFBCMR did not adequately consider certain pieces of evidence, (ECF No. 35, at 15-16, 19), the court did not provide specific instructions for the AFBCMR to consider or apply on remand. *Cf. Harrison v. Kendall*, 670 F.Supp.3d 280, 305 (E.D.Va. 2023) (requiring that the AFBCMR "properly apply the liberal consideration standard, appropriately consider [plaintiff]'s contemporaneous service records," and consider multiple other specific pieces of evidence on remand). Courts in this district have previously found that detailed remedial orders are appropriate in APA cases in "extraordinary

4

circumstances." *Am. Acad. of Pediatrics v. Food & Drug Admin.*, 399 F.Supp.3d 479, 487 (D.Md. 2019) (quoting *N.C. Fisheries Ass'n, Inc. v. Gutierrez*, 550 F.3d 16, 20 (D.C. Cir. 2008)). "'[O]rdinarily the appropriate course is simply to identify a legal error and then remand to the agency, because the role of the district court in such situations is to act as an appellate tribunal.'" *Id.* (quoting *N. Air Cargo v. U.S. Postal Serv.*, 674 F.3d 852, 861 (D.C. Cir. 2012)); *see also Kantor v. Becerra*, No. 20-cv-2475-DKC, 2021 WL 1575075, *3 (D.Md. Apr. 22, 2021). The court is unconvinced that this case presents extraordinary circumstances; rather, the court identified an arbitrary and capricious decision and remanded to the agency for their review.

Plaintiff cites to Fed.R.Civ.P. 56(e) as a basis for his motion. (ECF No. 37, at 1). Rule 56(e) governs the situation when a party has failed to support or address a fact while on summary judgment, Fed.R.Civ.P. 56(e), which is inapplicable to the current procedural posture. Plaintiff likely intends to refer to Fed.R.Civ.P. 59(e), which governs the deadline for motions to alter or amend a judgment. Plaintiff has certainly met the deadline provided in Fed.R.Civ.P. 59(e),[3] but as described above, the court

---

[3] "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(e). Plaintiff filed his motion on September 22, 2025, (ECF No. 37), just five days after the court issued the order vacating the AFBCMR's decision and remanding to the agency, (ECF No. 36).

will decline to amend its judgment to continue to exercise jurisdiction of this case.

## III. Conclusion

For the foregoing reasons, the motion filed by Plaintiff will be denied.  A separate order will follow.

                                    /s/
                        DEBORAH K. CHASANOW
                        United States District Judge